IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTOS GARCIA, <br> on Behalf of Himself and Others <br> Similarly Situated <br><br> Plaintiff, <br><br> vs. <br><br> ESCALANTE'S COMIDA <br> FINA, INC. <br><br> Defendant. | §§§§§§§§§§§§§ | CIVIL ACTION NO. _____ <br><br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1.  Escalante's Comida Fina, Inc. (hereinafter "Escalante's") failed to pay Santos Garcia (hereinafter "Garcia") and its other "tipped employees" appropriate overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Escalante's also made illegal deductions for uniforms from its tipped employees' wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Accordingly, Santos brings this collective action to recover the unpaid wages and other damages owed to him and to other similarly situated workers.

#### JURISDICTION AND VENUE

2.  This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in the Southern District of Texas - Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

#### THE PARTIES

4.  Garcia lives in the Southern District of Texas. Garcia was an employee of

Escalante's within the past three years.  His written consent is attached hereto as Exhibit 1.

5. The class of similarly situated employees consists of all tipped employees employed by Escalante's in the past three years.  These similarly situated persons are referred to as "Members of the Class" or "the Class."

6. Escalante's Comida Fina, Inc. is a Texas corporation doing business as "Escalante's Fine Tex-Mex" and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its employees (including Garcia and all other members of the Class) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages.  29 U.S.C. § 203(s)(1).   Escalante's may be served with summons and a copy of this pleading through its registered agent, Patrick Escalante Torres, 6582 Woodway, Houston, Texas 77057.

### THE FACTS

7. Escalante's employed Garcia as a waiter.

8. Escalante's paid Garcia less than the federal minimum wage, specifically $2.13 per hour for the first forty (40) hours he worked each week.  Garcia also was permitted to keep a portion of the tips he received from restaurant patrons.

9. As an hourly and non-exempt employee of Escalante's, Garcia occasionally worked more than forty (40) hours per week and was entitled to receive overtime pay calculated at "one and one half times her regular rate of pay." 29 U.S.C. §207(a)(1).  Nevertheless, Escalante's failed to pay Garcia and its other "tipped employees" the correct rate for overtime pay.  Specifically, Escalante's paid Garcia $3.195 per hour for "overtime hours" when the FLSA required Escalante's to pay Garcia $5.76 per hour as an overtime wage. *Id.*

10.     Therefore, Escalante's violated the overtime wage requirements of the FLSA. *Id*.

11.     Additionally, Escalante's made improper deductions from its tipped employees for uniforms (i.e. shirts and aprons bearing Escalante's logo) in violation of the Fair Labor Standards Act.  Uniforms are not considered a "facility" under the FLSA and, as such, may not be considered as part of an employee's wages under 29 U.S.C. §203(m).

### COLLECTIVE ACTION ALLEGATIONS

12.     Escalante's employed other waiters and paid them less than the full statutory minimum wage.  Escalante's also employed other non-exempt tipped employees who performed job duties similar to those performed by Garcia, such as serving food and drink to customers.

13.     Like Garcia, Escalante's paid these waiters less than the minimum wage and made improper uniform deductions from their wages.  Thus, Escalante's is not entitled to a tip credit for any of these workers.

14.     Like Garica, Escalante's failed to pay these other non-exempt employees appropriate overtime wages.

15.     Therefore, notice is appropriately sent to:

**"All employees of Escalante's at the Meyerland Plaza location who did not receive appropriate overtime wages and/or who were required to pay for uniforms during the period September 2, 2007 to the present."**

### CAUSES OF ACTION

16.     Garcia incorporates the allegations in the preceding paragraphs.

17.     Escalante's practice of requiring its tipped employees to pay for uniforms violated the FLSA.  Similarly, Escalante's practice of failing to pay appropriate overtime wages to its tipped employees violated the FLSA.  Accordingly, Garcia and the Members of the Class are entitled to the minimum wage for each hour worked, plus overtime wages calculated at time and

half their regular rate of pay.

    18.    Additionally, Garcia and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## JURY DEMAND

    19.    Garcia hereby demands a trial by jury.

## PRAYER

Garcia respectfully requests that judgment be entered against the Escalante's, awarding him and all similarly situated employees:

    a.    the difference between the amount paid and the full statutory minimum wage for each hour worked;

    b.    overtime wages calculated at one and a half the regular rate of pay for all hours worked in excess of forty (40) in a workweek;

    c.    an equal amount as liquidated damages;

    d.    reasonable attorneys' fees, costs, and expenses of this action; and

    e.    such other and further relief as may be required by law.

Respectfully submitted,

**DEBES LAW FIRM**

*/s/ ROBERT R. DEBES, JR.*
By: _____
Robert R. Debes, Jr.
Texas State Bar No. 05626150
Federal I.D. 12308
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951
bdebes@debeslaw.com

**COUNSEL FOR PLAINTIFF**